**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DERIK JACOBS,**

          **Plaintiff,**

-vs-                                 **Case No. 6:08-cv-02071-Orl-22GJK**

**DOLANLIL, INC., DOLAN TORRES, and
LILLIAN TORRES,**

          **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 22)** |
| **FILED:** | **January 22, 2010** |

**THEREON** it is **RECOMMENDED** that this motion be **GRANTED** as to Count I of the Complaint. It is further recommended that Count II of the Complaint be dismissed without prejudice.

**I.    Background**

On December 11, 2008, Derik Jacobs ("Plaintiff") filed a complaint ("Complaint") against Dolanlil, Inc. ("Dolanlil"), Dolan Torres and Lillian Torres ("Ms. Torres") (collectively, the "Defendants"). Doc. No. 1. Count I seeks unpaid overtime wages pursuant to the Fair Labor

Standards Act, 29 U.S.C. § 201, *et. seq*. (herein, the "FLSA" or the "Act") and Count II seeks unpaid wages pursuant to Chapter 448 of the Florida Statutes. Doc. No. 1.[1]

Plaintiff alleges that from August 2006 through November 6, 2008, he was an employee of Dolanlil, which was in the business of providing automobile washing and detailing services. *Id.* at 2, ¶¶ 6, 8, 11. Plaintiff states he was engaged in interstate commerce in providing services for Defendants. *Id.* at 3, ¶ 13. Plaintiff also maintains that Dolanlil was engaged in commerce, was an enterprise, had annual gross sales of not less than $500,000.00, and was engaged in interstate commerce as defined under the FLSA. *Id.*, ¶¶12, 14-16. In Count I, Plaintiff alleges a violation of the overtime provisions of the FLSA because "Defendants repeatedly and willfully violation Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for weeks longer than forty (40) hours." Doc. No. 1 at 4, ¶20. Plaintiff states that he worked "numerous" weeks in excess of 40 hours. *Id.* In Count II of the Complaint, Plaintiff states that Defendants willfully failed to pay him wages, taxes and benefits that he was owed. *Id.* at 5, ¶26. Plaintiff seeks judgment against Defendants for unpaid wages, interest and attorney's fees and costs. *Id.* at 5.

On November 11, 2009, Defendants filed an Answer to the Complaint. Doc. No. 5. On January 22, 2010, Defendants filed a Motion for Summary Judgment (the "Motion"). Doc. No. 28. Defendants simultaneously filed deposition transcripts of the Plaintiff and Ms. Torres. Doc. No. 27. Defendants state that Plaintiff testified he was employed by Waves Car Wash (herein "Waves"), which was an ordinary car wash that washed and detailed cars. *Id.* at 2. Defendants state that Plaintiff and Ms. Torres testified that no goods or products, other than snacks from a vending machine, are or were sold by Waves. *Id.* at 2-3. Defendants also state that Ms. Torres

---
[1] The Complaint does not cite to a specific subsection of Section 448, Florida Statutes.

testified Waves did not have annual gross revenues in excess of $500,000.00 during the relevant time period. Defendants attach their income tax returns to the Motion, showing the same. *Id.*; *see* Doc. No. 28-1. Defendants argue that Plaintiff has not established individual or enterprise coverage under the FLSA. Doc. No. 28 at 3.[2]

With respect to Count II of the Complaint, Defendants state that Plaintiff testified he received either an $8.00 or $9.00 hourly rate. *Id.* Therefore, Defendants state that there was no minimum wage violation of Florida Statute § 448. *Id.* Attached to the Motion are Defendants' time cards which purportedly reflect when the Plaintiff arrived and left work and the total hours worked on a given day. Doc. No. 28-2.[3]

On February 11, 2010, Plaintiff filed a Response in Opposition to Defendants' Motion (the "Response"). Doc. No. 29. Plaintiff states that Defendants failed to pay him overtime compensation under the FLSA and pursuant to the employment agreement. *Id.* at 2. Plaintiff argues that issues of material fact exist as to whether his claims are covered under the FLSA. Doc. No. 29 at 10. Plaintiff states that he "worked for a commercial car washing business, in which cars from out of state would be serviced." *Id.* at 11. Therefore, Plaintiff argues that he was involved in interstate commerce and is covered by the FLSA. *Id.*[4]

As to Defendants' argument regarding Section 448, Florida Statutes, Plaintiff states that he has not asserted a minimum wage violation. Doc. No. 29 at 2. Rather, his claim is for unpaid wages under Florida Statutes § 448.07(3). More specifically, Plaintiff argues that Ms. Torres

---

[2] *See infra*, pages 6-10, regarding what constitutes individual and enterprise coverage under the FLSA.
[3] In the Motion, Defendants acknowledge that Plaintiff claims these time cards are fabricated. Doc. No. 28 at 10-11. Defendants respond by arguing that Plaintiff's inconsistent statements as to his hours actually worked undermine his claim of fabrication and further bolster the relief requested in the Motion. *Id.* at 11.
[4] Plaintiff also argues that he dealt with instrumentalities of interstate commerce by working on vehicles that had traveled interstate. *Id.* at 12.

admitted in her deposition that she agreed to pay the Plaintiff a specific rate of pay for overtime hours. Doc. No. 29 at 3. However, according to Plaintiff's deposition testimony, Ms. Torres did not honor that agreement. *Id.* at 4. Instead, Defendants only paid Plaintiff an additional dollar for every overtime hour worked. *Id.* Thus, Plaintiff maintains that summary judgment is not appropriate because there is a genuine issue of material fact regarding Plaintiff's claim for unpaid wages. Doc. No. 29 at 3.

## II.     Summary Judgment Standard

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Whether a fact is material depends on the substantive law of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court must consider all inferences drawn from the underlying facts in a light most favorable to the non-moving party, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. If an issue of material fact exists, the Court must not decide it, but rather, must deny summary judgment and proceed to trial. *Environmental Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).[5] However, where no issue of material fact exists, the Court may enter judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment is mandated against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant bears the initial responsibility of asserting the basis for his motion. *Id.* at 323; *Apcoa, Inc. v. Fidelity Nat'l Bank*, 906 F.2d 610, 611 (11th Cir. 1990). "However, the

---

[5] All decisions of the Fifth Circuit prior to October 1, 1981 are binding precedent on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

movant is not required to negate his opponent's claim. The movant may discharge his burden by merely 'showing'- that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." *Scientific-Atlanta, Inc. v. Fenley*, 1997 WL 33543688, at *3 (N.D. Ga. Jan. 14, 1997) (quoting *Celotex*, 477 U.S. at 325). After the movant has carried his burden, the nonmoving party is then required to "go beyond the pleadings" and present competent evidence designating "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "While the court is to view all evidence and factual inferences in a light most favorable to the nonmoving party, *Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988), 'the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.'" *Scientific-Atlanta, Inc. v. Fenley*, 1997 WL 33543688, at *3 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).

"While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly,* 550 U.S. at 555. A plaintiff must plead enough facts to state a plausible, and not merely conceivable, basis for the claim. *Id.* "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1950 (2009)).

### III.     Analysis

#### A.     The FLSA

To establish coverage under the FLSA, an employee must show either: "(i) that the employee was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage) or (ii) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage)." 29 U.S.C. § 207(a); *De Lotta v. Dezenzo's Italian Restaurant, Inc.*, 2009 WL 4349806 at *2 (M.D. Fla. Nov. 24, 2009) (quoting *Williams v. Signature Pools & Spas, Inc.*, 615 F.Supp.2d. 1374, 1378 (S.D. Fla. 2009)). The "engaged in commerce" language of the FLSA is to be given a broad, liberal construction. *Alonso v. Garcia*, 147 Fed.Appx. 815, 816 (11th Cir. 2005). However, Congress intended only to regulate activities constituting interstate commerce, not activities merely affecting commerce. *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006).

##### 1. Individual Coverage

"The burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce." *Kitchings v. Florida United Methodist Children's Home, Inc.*, 393 F.Supp. 2d 1282, 1292, n. 25 (M.D. Fla. 2005). For an employee to be "engaged in commerce" under the FLSA, "he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne*, 448 F.3d at 1266. When determining individual coverage, the character of the employee's

activities is determinative, not the nature of the employer's business. *Overstreet v. N. Shore Corp.*, 318 U.S. 125, 132 (1943). "[T]he work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Mitchell v. Empire Gas Engineering Co.*, 256 F.2d 781, 784 (5th Cir. 1958) (citing *Mitchell v. C. W. Vollmer & Co.*, 349 U.S. 427 (1955)).

Plaintiff's sole argument that he is covered under the FLSA is founded on the fact that he occasionally washed cars from states other than Florida. Doc. No. 29 at 12. To be covered under the Act, Plaintiff must be "directly participating in the actual movement of persons or things in interstate commerce." *Thorne*, 448 F.3d at 1266. By washing cars from out-of-state, Plaintiff is not participating in the actual movement of persons or things in interstate commerce. Accordingly, Plaintiff has not made the requisite threshold showing that he directly participated in the actual movement of persons or things in interstate commerce.

Even if the Court were to find a threshold showing in this case that the Plaintiff directly participated in the actual movement of persons or things in interstate commerce, Plaintiff would need to show that such participation involved either working for an instrumentality of interstate commerce or regularly using instrumentalities of interstate commerce. *Thorne*, 448 F.3d at 1266. Plaintiff has not presented any evidence or persuasive argument suggesting that he either worked for instrumentality of interstate commerce or that he regularly used instrumentalities of interstate commerce in connection with his job.

In *Jimenez v. Southern Parking, Inc.*, 2008 WL 4279618 (S.D. Fla. Sept. 16, 2008), the plaintiff's duties included washing and cleaning vehicles at a condominium complex. *Jimenez*, 2008 WL 4279618 at *2. The defendants sought summary judgment for lack of subject matter

jurisdiction because plaintiff could not show individual or enterprise coverage under the FLSA. *Id.* at *6. The defendants argued that plaintiff's duties of washing cars at the condominium complex did not affect commerce in such a fashion to bring plaintiff within the coverage of the FLSA. *Id.* The defendants also argued that plaintiff used equipment purchased in Florida and plaintiff did not drive the vehicles except within the parking structure at the condominium complex. *Id.* The plaintiff argued that the cars and the materials he used to wash the cars moved through interstate commerce prior to and/or subsequent to his work with them. *Id.* The court in *Jimenez* found that plaintiff was not engaged in interstate commerce stating:

> Evidence that the plaintiff has used supplies and equipment that have once moved in interstate commerce is insufficient to qualify him for coverage. Ultimate consumers of products are not "engaged in commerce" just because they purchase products that have moved in interstate commerce.
>
> There is no evidence that the plaintiff regularly used instrumentalities of interstate commerce like the telephone, mail, fax, internet, or transportation while washing cars at the condominium. The plaintiff also stated that almost all of the cars he washed were owned by residents of the condominium complex at which he worked, which further undermines the argument that he was "engaged in interstate commerce." No facts exist to counter the conclusion that the plaintiff's activities washing cars was purely local in nature. Thus, individual coverage does not apply, as a matter of law, in the instant case.

*Id.* (internal citations omitted). Thus, in *Jimenez*, the court found no facts existed tending to show the plaintiff's car washing activities were anything other than a purely local activity. Accordingly, the court granted summary judgment for the defendant because plaintiff failed to present a genuine issue of material fact in regard to individual or enterprise coverage under the FLSA.

Several other reported and unreported cases clearly establish the point that an employee engaged in local work cannot establish individual coverage. For example, in *Williams*, 615 F.Supp. 2d 1374, the plaintiff worked for a swimming pool installation and servicing business, and alleged that because he handled goods that had traveled in interstate commerce, he was engaged in interstate commerce. *Id*. at 1382. In *Blanco v. Specialty Painting, Inc.*, No. 6:07-cv-828-Orl-22DAB, 2008 WL 4371341 (M.D. Fla. Sept. 22, 2008), the plaintiff performed work consisting of interior and exterior painting on local residential properties, and in *Navarro v. Broney Automotive Repairs, Inc.*, 314 Fed.Appx. 179 (11th Cir. 2008), the plaintiff collected and installed automotive parts. *Id.* In each of these cases, the court either granted dismissal with prejudice or summary judgment because there was no showing that the plaintiffs were engaged in anything other than intrastate activity. *Williams*, 615 F.Supp.2d at 1382; *Blanco*, 2008 WL at *5-6; *Navarro*, 314 Fed.Appx. at 180.

Similarly, in this case, the Plaintiff has failed to prove any facts tending to show he participated in interstate commerce or regularly used instrumentalities in connection with his work. To the contrary, all the evidence of record shows that Plaintiff's work was intrastate. Therefore, Plaintiff cannot meet the standard set forth in *Thorne*, showing he was "engaged in commerce" under the FLSA. *Thorne*, 448 F.3d at 1266.[6] Accordingly, it is recommended that as a matter of law the Plaintiff was not engaged in interstate commerce.

---

[6] Plaintiff cites *Harper v. Coates-Clark Orthopedic Surgery & Sports Medicine Center, LLC and Camille Coates-Clark*, No. 3:05-cv-166-MCR (M.D. Fla. May 15, 2006), in support of his argument that summary judgment should be denied. *Harper* is clearly distinguishable. In *Harper*, the plaintiff worked as an orthopedic assistant for a medical center and used the telephone and facsimile on a daily basis to communicate with insurance companies located outside the state of Florida. Doc. No. 34 at 2.

## 2. Enterprise Coverage

The FLSA applies to enterprises which have "employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . ." 29 U.S.C. § 203(s)(1)(A)(i).

Defendants argue that Plaintiff has offered no evidence supporting enterprise coverage. Doc. No. 28 at 9. Defendants state that during the relevant years, Dolanlil's gross revenue was significantly less than $400,000.00. *Id.* Plaintiff concedes that that Dolanlil's annual gross revenues did not exceed $500,000.00 during the relevant time period. Doc. No. 29 at 11. Accordingly, enterprise covered under the FLSA does not exist in this case.

The material facts are not in dispute. The record shows Plaintiff cannot establish individual or enterprise coverage under FLSA. Accordingly, Plaintiff's FLSA claim fails as a matter of law.

## B. Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Id.* Because the undersigned recommends that the Motion be granted with respect to Count I of the Complaint, it is further recommended that pursuant to 28 U.S.C. § 1367(c)(3), the Court decline to entertain supplemental jurisdiction over the only remaining claim in the Complaint – Count II, which contains a claim for unpaid wages pursuant to Section 448, Florida Statutes.

## IV. Conclusion

In consideration of the foregoing, it is hereby **RECOMMENDED** that:

1. Defendants' Motion (Doc. No. 28) be **GRANTED** as to Count I of the Complaint and Judgment be entered in Defendants' favor; and
2. Plaintiff's state law claim under Count II be **DISMISSED** without prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 12, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record